## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HUNTWISE, INC. | CIVIL ACTION NO: |
| | JUDGE: |
| VERSUS | MAGISTRATE JUDGE: |
| MOJO SPORTSWEAR COMPANY; TIMOTHY MOSSBERG; and ROGER BAGWELL | JURY DEMAND |

## **COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Huntwise, Inc. ("Huntwise"), who states the following Complaint:

1.

Plaintiff, Huntwise, Inc., is a Louisiana corporation with a principal place of business located at 114 Venable Lane, Monroe, Louisiana 71203.

2.

Made Defendant herein is Mojo Sportswear Company ("Sportswear"), which is a Florida corporation domiciled and having its principal place of business located at 644-C Anchors Street in Fort Walton Beach, Florida, 32548.

3.

Also made Defendant herein is Timothy Mossberg ("Mossberg"), who is an individual and, on information and belief, residing in Okaloosa County, Florida, and the registered agent and director of Mojo Sportswear Company.

4.

Also made Defendant herein is Roger Bagwell ("Bagwell"), who is an individual and, on information and belief, residing in Lafayette Parish, Louisiana, and director of Mojo Sportswear Company (Sportswear, Mossberg and Bagwell are hereinafter collectively referred to as "Defendants").

5.

This is an action for infringement of Plaintiff's famous federally registered trademarks MOJO, MOJO LURES, MOJO MALLARD, MOJO OUTDOORS, MOJO CRITTER, under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act,  15 U.S.C. § 1125, for dilution under Section 43(c) of the Lanham act, 15 U.S.C. § 1125(c), and for substantial and related claims for trademark infringement, dilution, and unfair trade practices under the laws of the State of Louisiana, all arising from Defendants' unauthorized use of Plaintiff's MOJO trademarks in the manufacture, distribution, advertising, promotion and sale of Defendants' apparel products for fishing and hunting as well as other goods and services.

## JURISDICTION AND VENUE

6.

The causes of action for federal trademark infringement and unfair competition arise under the United States Trademark Act of 1946 as amended 15 U.S.C. §§ 1051 to 1127.  Jurisdiction for federal trademark infringement and unfair competition is proper pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

7.

The causes of action for Louisiana trademark infringement, dilution and unfair trade practices arise under the laws of Louisiana and are based upon the same operative facts as the causes of action for federal trademark infringement and unfair competition. Jurisdiction for Louisiana trademark infringement, dilution and unfair trade practices is proper pursuant to 28 U.S.C. §§ 1338(b) and 1367.

8.

Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) and (b)(3).

## BACKGROUND

9.

Plaintiff re-alleges and incorporates herein by reference the allegations of paragraph 1 through 8 of the Complaint as set forth above.

10.

Huntwise and its licensee, Mojo Lure Company, Inc. ("Mojo Lure"), design, manufacture, advertise and sell goods for use in connection with the outdoors activities that encompass the outdoor sportsperson industry, namely hunting and fishing.  Huntwise is widely regarded as the industry leader for hunting decoys and related products, which it sells under its MOJO brands, and Mojo Lure has been selling products for fishing under the MOJO brands since the 1980's.

11.

Huntwise is the registered owner of several federally registered trademarks that cover the Mojo brand.  These Federal Trademark Registrations include the following (collectively the "MOJO Marks") :

a.  MOJO, Federal Registration No. 3295982, for use in connection with sporting goods, namely fishing lures and sinkers;

b.  MOJO MALLARD, Federal Registration No. 2469811, for use in connection with decoys used in waterfowl hunting;

c.  MOJO DECOYS, Federal Registration No. 2750393, for use in connection with Hunting decoys and related products and accessories, namely, motorized and non-motorized wind game decoys; decoy support frames; decoy floating systems, including bladder mounted decoys, floating decoy frames, and water agitation assemblies; hunting product assembly kits comprised of molded decoy bodies, decoy motors, remote control accessories, attachable wings,

wing shafts, decals; and deer feed distributors for attracting wild deer for hunting purposes;

d.  MOJO, Federal Registration No. 3141167, for use in connection with Hunting decoys and related products and accessories, namely, motorized and non-motorized animal decoys; decoy support frames; decoy floating systems namely, bladder mounted decoys, floating decoy frames, and water agitation assemblies; hunting product assembly kits comprised of molded decoy bodies, decoy motors, remote control accessories namely, activators, transisters, and receivers, attachable wings, wing shafts, and decals; deer feed distributors for attracting wild deer for hunting purposes; wild animal attraction and distraction devices namely decoys, scent and scent dispensers, feeders, and animal calls all for hunting purposes; archery equipment namely, bow and arrow quivers, and cases; hunting blinds and associated netting and camouflage material;

e.  MOJO CRITTER, Federal Registration No. 3327163, for use in connection with Hunting decoys and accessories therefor, namely, motorized and non-motorized animal decoy bodies, remote control power switches, transmitters and receivers, and electronic activation components, sold as a unit; and

f.  MOJO OUTDOORS, Federal Registration No. 3295799, for use in connection with Outdoor sporting products, namely hunting decoys and related products and accessories, namely, motorized and non-motorized decoys; decoy support frames; decoy floating systems, comprising bladder mounted decoys, floating

decoy frames, and water agitation assemblies; hunting product assembly kits comprised of molded decoy bodies, decoy motors, remote control accessories, namely activators, transmitters, and receivers, attachable wings, wing shafts, decals; deer feed distributors for attracting wild deer for hunting purposes; animal attraction and distraction devices namely, decoys, scents, scent dispensers, feeders and animal calls; archery equipment namely, bow and arrow quivers and cases; hunting blinds and associated netting and camouflage pattern material sold as a unit; scented lures; products used in connection with bird watching or in promotion of bird watching, namely decoys and calls; products used as bird deterrents or in connection therewith namely, models of birds or other animals used for sporting purposes.

12.

Huntwise, Inc. owns a federal trademark registration for the MOJO trademark (Registration No. 3295982).  *See* U.S. Patent & Trademark Office ("USPTO") Record attached hereto and incorporated herein as **Exhibit A**. MOJO was first used in commerce in connection with goods related to the outdoors sportsperson industry by at least 1991, and has been used continuously in interstate commerce to date.

13.

Huntwise, Inc. owns a federal trademark registration for the MOJO MALLARD trademark (Registration No. 2469811).  *See* USPTO Record attached hereto and incorporated herein as **Exhibit B**. MOJO MALLARD was first used in commerce in

connection with goods related to the outdoors sportsperson industry by at least May 31, 2000, and has been used continuously in interstate commerce to date.

14.

Huntwise, Inc. owns a federal trademark registration for the MOJO DECOYS trademark (Registration No. 2750393). *See* USPTO Record attached hereto and incorporated herein as **Exhibit C**. MOJO DECOYS was first used in commerce in connection with goods related to the outdoors sportsperson industry by at least January 1, 2001, and has been used continuously in interstate commerce to date.

15.

Huntwise, Inc. owns another federal trademark registration for the MOJO trademark (Registration No. 3141167). *See* USPTO Record attached hereto and incorporated herein as **Exhibit D**. MOJO was first used in commerce in connection with goods related to the outdoors sportsperson industry by at least December 20, 1999, and has been used continuously in interstate commerce to date.

16.

Huntwise, Inc. owns a federal trademark registration for the MOJO CRITTER trademark (Registration No. 3327163). *See* USPTO Record attached hereto and incorporated herein as **Exhibit E**. MOJO CRITTER was first used in commerce in connection with goods related to the outdoors sportsperson industry by at least January 31, 2006, and has been used continuously in interstate commerce to date.

17.

Huntwise, Inc. owns a federal trademark registration for the MOJO OUTDOORS trademark (Registration No. 3295799).  *See* USPTO Record attached hereto and incorporated herein as **Exhibit F**. MOJO OUTDOORS was first used in commerce in connection with goods related to the outdoors sportsperson industry by at least January 1, 2005, and has been used continuously in interstate commerce to date.

18.

The MOJO Marks have been used in commerce for over five (5) years.  A Section 8 and 15 affidavit of use has been filed with the USPTO for each of the MOJO Marks in accordance with USPTO guidelines. *See* **Exhibit G** (*in globo*).  Therefore, each of the MOJO Mark has acquired incontestable status pursuant to 15 U.S.C. § 1065. Accordingly, the federal registrations for the MOJO Marks are conclusive evidence of Plaintiff's exclusive right to use the MOJO Marks in commerce to identify various goods in the outdoors sportsperson industry and of Plaintiff's valid and protectable trademarks.

19.

Mojo Lure designs, manufactures, and sells fishing lures, fishing tackle and fishing supplies.  Mojo Lure is the present licensee, and prior owner, of the federal registration of "MOJO", Federal Registration No. 3295982, for use in connection with sporting goods, namely fishing lures and sinkers.  Mojo Lure began selling fishing lures under the MOJO mark in Southern California over twenty eight (28) years ago, in 1984.

20.

In 2006, Huntwise, Inc., purchased the trademark MOJO from the Mojo Lure.  In the same act, Huntwise licensed back the use of the MOJO mark to Mojo Lure.

21.

Since at least 1984, Huntwise, and its predecessors in interest, have been using MOJO in commerce as a source identifier for goods in the outdoors sportsperson industry.

22.

The word "MOJO" has come to identify a particular source of goods related to the outdoors sportsperson industry through years of use in commerce.

23.

Plaintiff and its' licensee also operate websites having the internet domain name of www.mojooutdoors.com and www.mojolures.com, which provide information regarding Plaintiff's and its licensee's products and likewise provide for the purchase of certain products offered by Plaintiff and Plaintiff's licensee.

24.

Plaintiff and its licensee have expended significant sums of money in advertising and promoting their services under the MOJO Marks, and www.mojooutdoors.com and www.mojolures.com. Such advertising and promotion of the MOJO Marks includes print advertisements, radio advertisements, direct mailings, internet marketing, promotional

goods and apparel, a MOJO TV television show, a MOJO channel on YouTube, and other ways customary in the trade.

25.

As a result of the sales, advertising and promotion of Plaintiff's services under the MOJO Marks and use since at least as early as 1984, Plaintiff has established significant goodwill associated with the MOJO Marks and the goods associated therewith. The MOJO Marks have a distinctive trademark meaning and have come to identify the high-quality goods provided by Plaintiff.

26.

Plaintiff has become aware that Defendants are using MOJO, MOJO SPORTSWEAR COMPANY and GET YOUR MOJO ON trademarks (hereinafter collectively referred to as "Defendants' Marks") as source identifiers for outdoor apparel in the same market as the MOJO Marks are utilized, to the same customers, and through the same channels of distribution.  Defendants have likewise used MOJO in connection with a MOJO TV production produced and run by Defendants.

27.

Defendants' Marks use or incorporate the word "MOJO," which either encompasses the entirety of or is the dominant portion of Plaintiff's protected and incontestable MOJO Marks and identifies goods confusingly similar to Plaintiff's, namely goods in connection with the outdoors sportsperson industry.

28.

The word "MOJO" appears prominently in or on Defendants' marketing materials, signage, goods, and website.

29.

Defendants have been using the MOJO trademark on its apparel and other goods, products, television show, and other components related to the outdoors sportsperson industry without any authorization from Huntwise or any of Huntwise's predecessors-in-interest.

30.

Huntwise is informed and based thereon believes that Defendants have advertised and offered for sale and have made sales of apparel and other goods related to the outdoors sportsperson industry using the MOJO trademark to consumers in this judicial district.

31.

Plaintiff is informed and based thereon believes that Defendants have used the MOJO trademark in connection with goods and apparel associated with the outdoors sportsperson industry with the full knowledge of Huntwise's and Huntwise's predecessors'-in-interest ownership of and senior rights in and to the MOJO Marks.

32.

Plaintiff is informed and based thereon believes that Defendant Timothy Mossberg is a corporate officer who directs or directed, controls or controlled, ratifies or ratified,

participates or participated in, or is or was a moving force behind the Defendants' infringing activity.

33.

Plaintiff is informed and based thereon believes that Defendant Roger Bagwell is a corporate officer who directs or directed, controls or controlled, ratifies or ratified, participates or participated in, or is or was a moving force behind the Defendants' infringing activity.

34.

After discovering Defendants' use of marks that incorporate the word "MOJO" in connection with outdoor goods and apparel, Huntwise, Inc. made amicable demand on Defendants to cease such use as a source identifier for goods related to the outdoors sportsperson industry.

35.

Defendants have refused to comply with Plaintiff's demands.

36.

Defendants' use of the term "MOJO" in conjunction with its goods is likely to cause consumer confusion, mistake, or deceit as to the source of those goods.

**FIRST CAUSE OF ACTION
FEDERAL TRADEMARK INFRINGEMENT**

37.

Plaintiff re-alleges and incorporates herein by reference the allegations of paragraph 1 through 36 of the Complaint as set forth above.

38.

These claims are against Defendants for trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

39.

Plaintiff is informed and based thereon alleges that Defendants have used, are using, and intend to continue using now and in the future in commerce the term MOJO as a trademark for sales of apparel and accessories related to the outdoors sportsperson industry in such a way as will likely cause confusion or mistake, or will likely deceive the public in relation to their products being associated or affiliated with, or identified or being the same as those of Plaintiff.

40.

Plaintiff never consented to or authorized Defendants' adoption or commercial use of the MOJO Marks for sales of the aforementioned products.  Defendants therefore have infringed and are infringing the MOJO Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

41.

The MOJO marks are very strong, after years of successful marketing, significant sales volume, critical acclaim, and widespread public recognition.  Defendants likewise sell goods pertaining to the outdoors sportsperson industry under the MOJO trademarks and shares such similar marketing channels and similar retail outlets and purchasers as to cause a likelihood of confusion.   These factors indicate that Defendants adopted the

MOJO Marks intending to wrongfully appropriate the goodwill and reputation of Huntwise and its predecessors-in-interest.

42.

Plaintiff is informed and based thereon alleges that, at all times relevant to this action, including when Defendants first adopted the MOJO Marks and commenced their commercial use of the mark on goods pertaining to the outdoors sportsperson industry, Defendants knew of the prior adoption and widespread commercial use of the MOJO Marks on goods pertaining to the outdoors sportsperson industry that Huntwise presently owns and knew of the valuable goodwill and reputation acquired by Huntwise in connection with the MOJO Marks and products.  Defendants' infringement of the MOJO Marks is therefore willful and deliberate.

43.

Plaintiff has no control over the composition and quality of the infringing goods and apparel related to the outdoors sportsperson industry sold by Defendants.  Plaintiff is informed and believes and, on that basis, alleges that Defendants' use of the MOJO Marks will or actually has caused confusion and mistake and the deception of purchasers as to the source of origin of Defendants' infringing products. Because of the confusion as to the source engendered by Defendants' unauthorized use of the MOJO Marks, Plaintiff's valuable goodwill developed at great expense and effort by Plaintiff is being harmed and at risk of further damage.

44.

The goodwill of Plaintiff's business under the MOJO Marks is of enormous value, and Plaintiff will suffer irreparable harm should Defendants' infringement be allowed to continue to the great detriment of Plaintiff's reputation and goodwill.   Defendants' infringement will continue unless enjoined.

## SECOND CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT

45.

Plaintiff re-alleges and incorporates herein by reference the allegations of paragraph 1 through 44 of the Complaint as set forth above.

46.

This claim is against Defendants for common law trademark infringement.

47.

In addition to the federal registrations owned by Huntwise as set forth above, Huntwise owns and uses the MOJO Marks and enjoys common law rights in Louisiana and throughout the United States in and to the MOJO Marks on the goods set forth above, and thus these rights are senior and superior to any rights which Defendants may claim in and to its infringing products.

48.

Defendants' use of Defendants' trademarks is intentionally designed to mimic Plaintiff's MOJO Marks so as to likely cause and has caused confusion regarding the source of Defendants' products, in that purchasers thereof will be likely to associate or

have associated such products with, as originating with, or as approved by Plaintiff, all to the detriment of Plaintiff.

49.

 Defendants' infringement will continue unless enjoined.

## THIRD CAUSE OF ACTION
## FEDERAL TRADEMARK DILUTION

50.

Plaintiff re-alleges and incorporates herein by reference the allegations of paragraph 1 through 49 of the Complaint as set forth above.

51.

This claim is against Defendants for federal trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. §1125.

52.

As a result of the duration and extent of use of the MOJO Marks, the duration and extent of the advertising and publicity of the MOJO Marks, the geographical extent of the distribution of the same, the superior quality of Plaintiff's products and services, and the degree of recognition of the MOJO Marks, the MOJO mark has achieved an extensive degree of distinctiveness and is a famous trademark.

53.

As a result of Defendants' use and registration of the MOJO mark, Defendants are diluting the distinctive quality of the MOJO Marks.

54.

Plaintiff will suffer irreparable harm should Defendants' illegal acts be allowed to continue to the great detriment of Plaintiff's reputation and good will.   Defendants' acts will continue unless enjoined.

## FOURTH CAUSE OF ACTION
## FEDERAL UNFAIR COMPETITION
## IN VIOLATION OF 15 U.S.C. §1125(a)

55.

Plaintiff re-alleges and incorporates herein by reference the allegations of paragraph 1 through 54 of the Complaint as set forth above.

56.

This is a claim against Defendants for Federal Unfair Competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

57.

The MOJO Marks have become uniquely associated with, and hence identifies, Huntwise and its predecessors-in-interest, and their goods sold to the consuming public. Defendants' use of Defendants' trademarks constitutes a false designation of origin, or a false representation.   Further, it wrongfully and falsely designates Defendants' products as originating from or connected with Plaintiff and constitutes utilizing false descriptions or representations in interstate commerce.

58.

The conduct of Defendants is likely to cause mistake, to deceive, and confuse members of the public who would be wrongfully led to believe that Defendants are associated with Huntwise, thereby depriving Huntwise of its valid trademark rights.

59.

Plaintiff is informed and believes that Defendants, in adopting the MOJO Marks, have acted willfully and with full knowledge of Huntwise's rights in the MOJO Marks, and has used this false designation of origin and description in contravention of 15 U.S.C. 1125(a).

60.

The continued unauthorized use by Defendants of the confusingly similar trademarks in relation to the manufacture and sale of goods pertaining to the outdoors sportsperson industry is likely to cause confusion and deception of the public and lead consumers and potential consumers to erroneously associate the products of Defendants with Huntwise and/or to erroneously believe that the products of Defendants are being placed upon the market with the consent and authority of Plaintiff, as a result of which the continued use by Defendants of the MOJO trademarks has caused and, unless restrained, will continue to cause serious and irreparable injury to Plaintiff.

61.

By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained.

## FIFTH CAUSE OF ACTION
## LOUISIANA STATE TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION UNDER LA. R.S. 51:223.1

### 62.

Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs 1 - 61 of the Complaint as set forth above.

### 63.

Plaintiff's MOJO Marks are all distinctive marks to which the public has associated with Plaintiff.

### 64.

Defendants' acts, as alleged above, have caused and/or will cause injury to the business reputation of Plaintiff and have or will dilute the distinctive quality of the MOJO Marks and are in violation of the statutory laws of the State of Louisiana, including La. R.S. 51:223.1.

### 65.

Plaintiff has no adequate remedy at law inasmuch as money damages would not indemnify Plaintiff for the permanent loss of Plaintiff's proprietary rights, established goodwill and business reputation.  Unless this Court acts to restrain and enjoin Defendants, their acts herein complained of will cause irreparable harm to Plaintiff's property rights, goodwill and business reputation and will cause great and substantial irreparable harm to  Plaintiff.

## SIXTH CAUSE OF ACTION
## LOUSIANA STATE UNFAIR TRADE PRACTICES UNDER LA. R.S. 51:1405

66.

Plaintiff re-alleges and incorporates herein by reference the allegations of paragraph 1 through 65 of the Complaint as set forth above.

67.

The conduct of Defendants as described hereinabove constitutes unfair trade practices under La. R.S. 51:1405 in that such conduct violates established public policy and is immoral, unethical, oppressive, unscrupulous, substantially injurious to consumers, fraudulent, and deceptive.

68.

Defendants have caused damage to Plaintiff and Plaintiff's property, goodwill and business reputation.

69.

Plaintiff respectfully requests a trial by jury as to all issues raised by this Complaint, save the issue of injunctive relief. Plaintiff respectfully requests that the issue of injunctive relief be determined by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Huntwise, Inc., prays that judgment be granted in Plaintiff's favor and against Defendants as follows:

1. That this Court order, adjudge and decree that Defendants have violated Plaintiff's federal and state common law trademark rights, competed unfairly,

diluted Plaintiff's federal and state trademark rights and committed unfair trade practices.

2. That a preliminary and permanent injunction issue herein enjoining Defendants, its officers, agents, servants, employees, attorneys, and all other persons in active concert or participating with any of them from:

    a. committing any further acts of trademark infringement of the MOJO Marks,

    b. using any term that is likely to be confused with the MOJO Marks asserted herein,

    c. representing directly or indirectly in any form or manner whatsoever that any product is associated with or approved by Plaintiff when, in fact, it is not,

    d. passing off or inducing or enabling others to sell or pass off any non-Huntwise or Mojo Lure product as a Huntwise or Mojo Lure product or as a product endorsed or approved by Huntwise or Mojo Lure, and

    e. committing any other act calculated to compete unfairly with Plaintiff in any manner.

3. That the Court issue an order requiring Defendants to file an express cancellation of its federal trademark registration, U.S. Trademark Registration Numbers 4152588 and 3970788, with the United States Patent and Trademark

Office, and to refrain from seeking any other trademark registration inconsistent with the foregoing injunctive relief;

4. An order to the United States Patent and Trademark Office to cancel the registration of U.S. Trademark Serial Numbers 4152588 and 3970788;

5. That the Court declare this case exceptional;

6. A finding that Defendants have willfully and deliberately committed acts of trademark infringement against Plaintiff;

7. An order for an accounting and disgorgement of Defendants' profits from Defendants' infringing and unfair business activity;

8. That Defendants be required to pay to Plaintiff such damages sustained as a result of Defendants' actions; that Plaintiff's costs and disbursements in bringing this action, including reasonable attorney's fees be awarded; that Defendants account for and pay over to Plaintiff all gains, profits and advantages derived by Defendants from such infringement, and that such gains, profits, and advantages be trebled.

9. That the Court awards such other and further relief as shall be just under the circumstances.

Respectfully submitted,

_____
James R. Chastain, Jr., T.A. (#19518)
William L. Caughman III (#22298)
Russel O. Primeaux (#21989)
Tara E. Montgomery (#29354)
Pamela A. Baxter (# 31035)
R. Devin Ricci (#34724)
KEAN MILLER LLP
Post Office Box 3513
Baton Rouge, LA  70821
Telephone:  (225) 387-0999
Fax (225) 388-9133
Street Address:
400 Convention Street, Suite 700
Baton Rouge, LA  70802
***Attorneys for Huntwise, Inc.***